THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING SLATER, Appellant.— Defendant was convicted in the Court of Special Sessions, City of New York, Borough of Brooklyn, of a violation of section 487-a of the Penal Law (receipt of compensation for placing out children), under an information which charges "requesting, receiving and accepting" compensation "directly and indirectly". Defendant appeals from the judgment of conviction and from the sentence. Judgment reversed on the law and the facts, the information dismissed and defendant discharged. The evidence establishes that the People's main witness is an accomplice. The other evidence is insufficient to satisfy the requirements of section 399 of the Code of Criminal Procedure. (*People* v. *Mullens,* 292 N. Y. 408.) No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment. Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD TRIM, Appellant.— Defendant appeals from a judgment of the County Court, Kings County, convicting him of the crime of grand larceny in the second degree. The principal witness against defendant was an alleged accomplice. The People claim that the corroboration required by section 399 of the Code of Criminal Procedure was supplied by evidence of appellant's flight and his concealment from the day after the crime until February 11, 1952. Judgment reversed on the law and the facts, indictment dismissed and defendant discharged. There is nothing in the record from an independent source which tends to prove that appellant was implicated in the actual theft. There is evidence that after the time that the crime was alleged to have been committed, appellant left the State of New York and went to Arizona, but the record is barren of any proof which connects the flight with the crime charged. Standing alone, flight is not sufficient corroboration (*People* v. *Reddy,* 261 N. Y. 479), neither is the proof of appellant's alleged concealment. Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ., concur.