Mitchell D. Schweitzer, J.
Defendant has moved to vacate an order of this court approving a direction of the Grand Jury that an information be filed against the defendant. The ground upon which the motion is based is that the evidence before the Grand Jury was legally insufficient to establish the defendant’s commission of any of the crimes set forth in the information, and hence was insufficient to support the direction of the Grand Jury that such an information be filed.
The precise challenge against the sufficiency of the evidence before the Grand Jury is that the case against the defendant was predicated upon accomplice testimony and that there was no independent evidence tending to connect the defendant with 'any of the crimes charged, as required by section 399 of the Code of Criminal Procedure.
The information charges the defendant with four crimes, to wit, conspiracy, receiving compensation for the placing out of children, unauthorized placing out of children, and falsifying a birth certificate.
The unlawful scheme by which all of the crimes were allegedly committed was simply as follows: The defendant was a practicing physician, who had a pregnant patient, evidently unmarried. A married couple was desirous of adopting a child. Through intermediaries it was arranged that the doctor’s patient’s child, when born, be given to the married couple, without benefit of a legal adoption. The defendant’s patient was registered in the hospital in the name of the married woman. The birth certificate signed by the doctor recited that the married couple were the parents of the child. Several days later the child was delivered to the married couple in the defendant’s office, *978 in the presence of the intermediaries, after a medical examination by an independent physician, in exchange for a sum of money which was to cover, among other things, the hospital and medical bills.
The sole non-accomplice witness who testified before the Grand Jury was a nurse employed by the hospital where the child was born. She identified the defendant’s signature on the birth certificate and further testified that the married woman (who was the recipient of the child) was listed as a patient in the hospital at the time in question as having been delivered of a child, and that she had never seen her before seeing her outside of the Grand Jury room at the time of her testimony. It is a fair inference from the nurse’s testimony, although she did not so expressly testify, that she acted as the nurse for the mother of the child in question in the hospital, and that the mother was one other than the married woman.
The testimony tending to implicate the defendant with the commission of the crimes of conspiracy, receiving compensation for the placing out of children, and unauthorized placing out of children emanated from participants in the illegal scheme, all of whom were accomplices as a matter of law (People v. Slater, 282 App. Div. 736).
There was nothing in the testimony of the nurse which tended to connect the defendant with the commission of any of the aforesaid crimes. Her testimony relating to the filing of the false birth certificate in no way tended to prove that the defendant had' committed any of the other crimes charged. Evidence which merely creates suspicion or which tends to confirm the general credibility of an accomplice as distinguished from confirming the accomplice in such way as to tend to connect the defendant with the commission of the crime' is insufficient (People v. Nitzberg, 289 N. Y. 523; People v. Kress, 284 N. Y. 452). Accordingly the court holds that there was insufficient evidence before the Grand Jury to support the charges of conspiracy, receiving compensation for the placing out of children and unauthorized placing out of children.
; With reference to the crime of falsifying a birth certificate, the court holds that there was sufficient evidence before the Grand Jury to support said charge. The testimony of the nurse is sufficient to establish a prima facie,case with respect to the fálsity of the birth certificate.
Accordingly the motion is granted to the extent of vacating the order approving the direction of the Grand Jury insofar as it directed the'^ling of an information charging the defendant with the crimes'Of conspiracy, receiving compensation for the *979 placing out of children, and unauthorized placing out of children, is denied insofar as it seeks a disapproval of the order with respect to the filing of an information charging the defendant with the crime of falsifying a birth certificate.
Submit order.